UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. CR20-094 RSM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER DENYING REQUEST FOR |
| GUSTAVO SANDOVAL-AGURCIA, ) | EMERGENCY RELEASE |
| ) | |
| Defendant. ) | |
| ) | |

Defendant is charged in a multi-defendant case with Conspiracy to Distribute Controlled Substances, to wit, methamphetamine, cocaine and fentanyl. He is also charged with Possession of Methamphetamine, Cocaine and Heroin With Intent to Distribute. A detention order was entered by this Court on August 17, 2020. (Dkt. 53.)

Defendant now moves for temporary release under 18 U.S.C. §3142. (Dkt. 70.) Presumably, the motion is brought under § 3142(i), which allows the Court to permit the temporary release of defendant if "necessary for preparation of the person's defense or for

ORDER DENYING REQUEST FOR
EMERGENCY RELEASE

PAGE -1

another compelling reason". (*Id.*)   The government opposes release. (Dkt. 71.) The motion was referred by The Honorable Ricardo S. Martinez to the undersigned for decision.

Defendant has been charged with a drug offense, the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).  Defendant is a native and citizen of Honduras. He lacks legal status in the United States. He does not have ties to the United States, and has family in Honduras, including a wife and children. He does not have a stable employment history and does not have an appropriate release plan.   At the time of the detention hearing, the Court found the record did not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

Defendant does not argue these conditions have changed.  Rather, he describes the difficulties in communicating effectively with counsel as a result of restrictions imposed by the Federal Detention Center (FDC) in order to address health risks posed by the COVID-19 pandemic.  As defense counsel notes, § 3142(i) allows the court to order temporary release under these conditions.

Defense counsel describes difficulties with the scheduling of interpreters, shortened phone calls, increasing demands on available phone lines at the FDC, lengthy isolation in the quarantine unit with limited opportunity to leave the cell, and difficulties in communicating with defendant's family in Honduras.  Defense counsel raises concerns about defendant's health and mental well-being as a result of this isolation and communication difficulties.

ORDER DENYING REQUEST FOR
EMERGENCY RELEASE

PAGE -2

To some extent, the issues identified by defense counsel are inherent in the challenge of communicating with a non-English speaking client held in detention.  Nevertheless, these issues have clearly been exacerbated by the necessary measures taken by the FDC to protect the health and safety of inmates, counsel, staff, and others during the COVID-19 pandemic.  The government's response to defendant's request for temporary release indicates defendant has tested negative for the virus and returned to general population.   (Dkt. 71 at 4.) As defense counsel and the government note, defendant has been able to engage in some, perhaps shorter, phone conversations with his attorney.   In-person attorney-client meetings are again permitted at the FDC.

Defendant, a native and citizen of Honduras, has no ties to this community and no release plan.  He is charged in a large drug conspiracy case and faces the possibility of a substantial sentence if convicted.  Given the risk of nonappearance and risk of danger if defendant were released into the community, as well as the opportunities for attorney-client communication described by the government, the Court does not find release appropriate at this time.

The motion is DENIED.

DATED this 18th day of September, 2020.

_____
Mary Alice Theiler
United States Magistrate Judge